# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL JUAREZ, | CASE NO. 1:04-CV-5668-REC-LJO-P |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS |
| v. | |
| ALAMEDA, et al., | (Doc. 25) |
| Defendants. | |

I.  Screening Order

    A.  Procedural History

Plaintiff Manuel Juarez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on May 3, 2004. (Doc. 1.) On February 2, 2005, the Court ordered Plaintiff to either file an amended complaint or notify the Court of his willingness to proceed only on the claims the Court previously found to be cognizable in its order of September 24, 2004. (Docs. 12, 20.) On March 7, 2005, Plaintiff filed an amended complaint. (Doc. 25.)

    B.  Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity, or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

### C. Summary of Plaintiff's Amended Complaint

The events at issue in this action allegedly occurred at California Correctional Institution ("CCI") in Tehachapi and Pelican Bay State Prison ("PBSP") in Crescent City. Plaintiff names former California Department of Corrections ("CDC") Director Alameida, and prison personnel D. Chapman, R. Casey, R. Manuel, N. Verdin, J. Gentry, F. Schmidt, D. Winett, F. B. Haws, Everett W. Fisher, D. Travers, K. Todd, S. R. Albritton, T. Casey, R. Avalos, T. Hansen, T. Bosley, J. Case, R. S. Marquez, F. A. Rangel, and Joe McGrath as Defendants. Plaintiff is seeking declaratory and injunctive relief, and monetary damages. Plaintiff's relevant allegations are set forth in the subsections that follow.

### D. Plaintiff's Claims

#### 1. Events at California Correctional Institution

##### a. Due Process Claim Based on August 7, 1999 Disciplinary Hearing

Plaintiff alleges that on July 19, 1999, CCI Warden Tom Carey authorized a search of Plaintiff's cell based on the receipt of confidential information that Plaintiff might be in possession of weapons. Plaintiff and his cellmate were removed from their cell, the cell was searched, and Plaintiff and his cellmate were placed back in their cell. Later that day, Plaintiff and his cellmate

were taken to administrative segregation (ad-seg) based on the charge of possession of a deadly weapon. A disciplinary report was prepared the same day.

On July 20, 1999, Defendant Travers held a hearing on Plaintiff's placement in ad-seg. Plaintiff was told that he would remain in ad-seg pending disciplinary action for possessing a weapon. On July 21, 1999, Defendant Chapman classified the disciplinary report as serious. On August 7, 1999, Defendant Casey conducted Plaintiff's disciplinary hearing. Plaintiff alleges that he was denied the opportunity to call witnesses and that the confidential information upon which the search was originally based was not disclosed. On April 30, 2000, Defendant Manuel denied Plaintiff's inmate appeal concerning the issue.

As a result of being found guilty of the disciplinary violation, Plaintiff lost one-hundred twenty days of time credits. Where "success in a . . . [section] 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." Muhammad v. Close, 124 S.Ct. 1303, 1304 (2004) (citing to Heck v. Humphrey, 512 U.S. 477 (1994)); Edwards v. Balisok, 520 U.S. 641, 648 (1997) (applying Heck to a prison disciplinary hearing where good-time credits were affected). Because the loss of time credits affects the length of Plaintiff's sentence, Plaintiff's due process claim based on the August 7, 1999 disciplinary hearing is barred until such time as Plaintiff invalidates the result of the disciplinary hearing. Accordingly, the Court recommends that this claim be dismissed, without prejudice.[1,2]

          b.      Events Surrounding November 25, 1999 Disciplinary Hearing and Gang Validation Process

Plaintiff alleges that on November 25, 1999, he was placed in ad-seg and charged with mutual combat. On January 3, 2000, Plaintiff was found not guilty of the charges. Plaintiff alleges

---

[1] Identified as the first cause of action in amended complaint.

[2] Plaintiff appears to have abandoned his claim that his initial placement in ad-seg also violated his right to due process. (Amend. Comp., 22:8-23.) Such a claim is not cognizable in any event, as Plaintiff has no protected liberty interest in remaining free from ad-seg. Sandin v. Conner, 515 U.S. 472, 481-84 (1995); Hewitt v. Helms, 459 U.S. 460, 466-68 (1983); May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997); Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000).

1  that Defendants Verdin and Gentry should have either released him from ad-seg or retained him in
2  ad-seg and afforded him the procedural safeguards due upon retention. Plaintiff alleges that he was
3  retained in ad-seg for sixty days without notice of the reasons for retention. On March 7, 2000,
4  Defendant Gentry ordered that Plaintiff be retained in ad-seg pending validation as a prison gang
5  associate, and on March 8, 2000, Plaintiff was given a CDC-114D notice concerning his retention
6  in ad-seg.
7        On March 9, 2000, Defendant Schmidt held a 114 hearing. Plaintiff alleges that Defendant
8  failed to disclose the documentation supporting the gang validation, denied Plaintiff the opportunity
9  to present his views, and denied Plaintiff a staff assistant to help Plaintiff gather documentation to
10 refute the charges. On the same day, Plaintiff attended a classification committee hearing where
11 Defendant Winett failed to disclose the confidential information disclosure form, and denied Plaintiff
12 the opportunity to present his views and to be heard regarding the validation process.
13       On March 15, 2000, Defendant Verdin submitted the validation package for review and
14 approval. Plaintiff alleges that Defendant Verdin did not allow Plaintiff the opportunity to be heard.
15 On March 17, 2000, Defendant Haws reviewed and approved the validation package, and submitted
16 it to Sacramento for final approval without giving Plaintiff the opportunity to be heard. On April
17 5, 2000, Defendant Fisher confirmed Plaintiff's validation. On April 11, 2000, Plaintiff was issued
18 the documents used in the validation process.
19       On June 22, 2000, Defendant Travers refused to hear Plaintiff's arguments and sentenced
20 Plaintiff to an indeterminate SHU term. On September 19, 2000, Defendant Gentry denied
21 Plaintiff's inmate appeal.
22       On November 16, 2000, Plaintiff was notified of an annual SHU review before the
23 classification committee, at which time Plaintiff was to be allowed an opportunity to call witnesses,
24 present his views, and refute the gang validation charges. Plaintiff's request to have witnesses
25 present for questioning and for staff assistance was granted. Defendant Casey was assigned to assist
26 Plaintiff.
27       On November 21, 2000, Defendant Todd postponed Plaintiff's annual SHU review because
28 Defendant Casey refused to help Plaintiff gather documentation. On November 22, 2000, Defendant

Albritton told Plaintiff that the classification committee had changed its mind about allowing Plaintiff to refute the gang validation charges because inmates who undergo validation as prison gang associates do not get process. On November 22, 2000, Defendant Avalos was assigned to assist Plaintiff in gathering documentary evidence. On November 28, 2000, Defendant Todd again postponed Plaintiff's annual SHU review because Avalos refused to assist Plaintiff. On December 4, 2000, an investigative employee contacted Plaintiff and agreed to question some witnesses but said that her duty was to gather information for the classification committee. Plaintiff alleges that he was denied his annual SHU review before the classification committee and placed on a transportation bus to PBSP on January 2, 2001.

Defendant Hansen was assigned to screen Plaintiff's inmate appeal concerning Plaintiff's challenge to the process and evidence used in the validation process. Defendant denied the appeal concerning the process but found one of the items used to validate Plaintiff to be insufficient.

1)      <u>Due Process Claim Based on Retention in Ad-Seg</u>

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. <u>Wolff v. McDonnell</u>, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, Plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. <u>Hewitt v. Helms</u>, 459 U.S. 460, 466-68 (1983). The Due Process Clause itself does not confer on inmates a liberty interest in being confined in the general prison population instead of administrative segregation. <u>See</u> <u>Hewitt</u>, 459 U.S. at 466-68. With respect to liberty interests arising from state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. <u>Sandin v. Conner</u>, 515 U.S. 472, 481-84 (1995). Liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." <u>Id</u>. at 484.

Plaintiff has not alleged any facts that would support a claim that he has a liberty interest in remaining free from ad-seg. <u>Id</u>.; <u>see</u> <u>also</u> <u>May v. Baldwin</u>, 109 F.3d 557, 565 (9th Cir. 1997) (convicted inmate's due process claim fails because he has no liberty interest in freedom from state

action taken within sentence imposed and administrative segregation falls within the terms of confinement ordinarily contemplated by a sentence) (quotations omitted); Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000) (plaintiff's placement and retention in the SHU was within range of confinement normally expected by inmates in relation to ordinary incidents of prison life and, therefore, plaintiff had no protected liberty interest in being free from confinement in the SHU) (quotations omitted). For this reason, Plaintiff fails to state a claim against Defendants Verdin, Gentry, Haws, Schmidt, Winett, and Fisher based on his retention in ad-seg. Plaintiff was previously given leave to amend this claim, but failed to cure the deficiencies. Accordingly, the Court recommends that this claim be dismissed, with prejudice.[3]

### 2) Due Process Claim Based on Gang Validation Process and Assessment of Indeterminate SHU Term

Assuming that confinement in the SHU for an indeterminate period implicates a liberty interest, Wilkinson v. Austin, 125 S.Ct. 2384, 2393-95 (2005), Plaintiff is entitled to adequate notice, an opportunity to be heard, and periodic review. Toussaint v. McCarthy, 801 F.2d 1080, 1100-01 (9th Cir. 1986); Koch v. Lewis, 216 F.Supp.2d at 1003; Morris v. Cambra, No. C 96-0334 SI, 1997 WL 811774, at *3 (N.D. Cal. Dec. 15, 1997); Hart v. Cambra, No C 96-0924 SI, 1997 WL 564059, at *4 (N.D. Cal. Aug. 22, 1997). In addition, "there must be 'some evidence in the record' to support the decision to segregate the inmate," and this evidence "must have 'some indicia of reliability.'" Koch v. Lewis, 216 F.Supp.2d 994, 1003 (D. Ariz. Aug. 30, 2001) (quoting Superintendent v. Hill, 472 U.S. 445, 454 (1985)).

Plaintiff's allegations that Defendants Verdin, Gentry, Haws, Fisher, Schmidt, and Travers were involved in the decision to validate Plaintiff as a gang member, which resulted in the receipt of an indeterminate SHU term, but failed to provide Plaintiff with the opportunity to be heard is sufficient to give rise to a claim for relief under section 1983 for deprivation of a liberty interest without due process of law.[4] Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512-15 (2002); Austin

---

[3] Identified as the second, third, and fourth causes of action in the amended complaint.

[4] The Court notes that Plaintiff's fifth and ninth causes of action are duplicative. Plaintiff's claim is one for deprivation of a liberty interest without due process of law, in violation of the Fourteenth Amendment, and the claim stems from his validation as a gang associate and his receipt of an indeterminate SHU term. The claim does not give

6

v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004); Jackson v. Carey, 353 F.3d 750, 754 (9th Cir. 2003).

### 3) Due Process Claim Against Defendants Casey and Avalos Based on Failure to Assist Plaintiff

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the Defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, Plaintiff must link each named Defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

Defendants Casey and Avalos were assigned as Plaintiff's staff assistants, but failed to help him. (Amend. Comp., ¶¶71-79.) Defendants' actions do not give rise to a claim for relief under section 1983 for deprivation of a liberty interest without due process of law. In each instance, Plaintiff's hearing was postponed due to the staff assistant's failure to help Plaintiff. There are no allegations that either Defendant was involved in the validation of Plaintiff as a gang associate or the assessment of a SHU term. (Id.) Defendants' limited involvement of being assigned to assist Plaintiff but failing to do so, without more, is insufficient to support a claim that Defendants violated Plaintiff's rights under federal law. Accordingly, the Court recommends that this claim be dismissed, with prejudice.[5]

---

rise to two separate causes of action, as set forth by Plaintiff in his amended complaint.

[5] Identified as the sixth cause of action in the amended complaint.

7

        4)     <u>Due Process Claim Against Defendants Manuel, Gentry, Todd, and Hansen Based on Involvement in Addressing Plaintiff's Inmate Appeal</u>

Plaintiff alleges a due process claim against Defendants Manuel, Gentry, Todd, and Hansen for failing to act when Plaintiff notified them of the due process violations via his inmate appeal. As Plaintiff was previously notified, "[a prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." <u>Buckley v. Barlow</u>, 997 F.2d 494, 495 (8th Cir. 1993) (citing <u>Azeez v. DeRobertis</u>, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); <u>see also</u> <u>Ramirez v. Galaza</u>, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); <u>Massey v. Helman</u>, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); <u>Mann v. Adams</u>, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." <u>Azeez v. DeRobertis</u>, 568 F. Supp. at 10; <u>Spencer v. Moore</u>, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action. <u>Buckley</u>, 997 F.2d at 495.

Defendants' review and resolution of Plaintiff's appeal, alone, does not provide a basis upon which to impose liability under section 1983 for violation of the Due Process Clause. Accordingly, the Court recommends that this claim be dismissed from the action, with prejudice.[6]

        5)     <u>Conspiracy Claims Against Defendants Todd, Albritton, Casey, and Avalos</u>

Finally, Plaintiff alleges conspiracy claims pursuant to section 1983 and 42 U.S.C. § 1985 against Defendants Todd, Albritton, Casey, and Avalos for depriving Plaintiff of a meaningful annual periodic SHU review. In the context of conspiracy claims brought pursuant to section 1983, such a complaint must "allege [some] facts to support the existence of a conspiracy among the Defendants." <u>Buckey v. County of Los Angeles</u>, 968 F.2d 791, 794 (9th Cir. 1992); <u>Karim-Panahi v. Los Angeles Police Department</u>, 839 F.2d 621, 626 (9th Cir. 1988).

///

---

[6] Identified as the seventh cause of action in the amended complaint.

8

Section 1985 proscribes conspiracies to interfere with an individual's civil rights. To state a cause of action under section 1985(3), Plaintiff must allege: (1) a conspiracy, (2) to deprive any person or class of persons of the equal protection of the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage or deprivation of any right or privilege of a citizen of the United States. Gillispie v. Civiletti, 629 F.2d 637, 641 (9th Cir. 1980); Giffin v. Breckenridge, 403 U.S. 88, 102-03 (1971). Section 1985 applies only where there is a racial or other class-based discriminatory animus behind the conspirators' actions. Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir. 1992). In interpreting these standards, the Ninth Circuit has held that a claim under § 1985 must allege specific facts to support the allegation that Defendants conspired together. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 626 (9th Cir. 1988). A mere allegation of conspiracy without factual specificity is insufficient to state a claim under 42 U.S.C. § 1985. Id.; Sanchez v. City of Santa Anna, 936 F.2d 1027, 1039 (9th Cir. 1991).

Plaintiff has not alleged any facts supporting the existence of a conspiracy between these Defendants to deprive Plaintiff of his right to have a review by transferring him to Pelican Bay. Further, Plaintiff has not alleged any facts supporting a claim that a discriminatory animus was behind Defendants' actions. Plaintiff was previously notified of the deficiencies in his conspiracy claims and provided with the standard he must meet in order to state a claim, but failed to cure the deficiencies. The Court therefore recommends that Plaintiff's conspiracy claims be dismissed from this action, with prejudice.[7]

### 2. Events at Pelican Bay

Plaintiff was transferred to Pelican Bay on January 2, 2001, days before his annual SHU review was to have taken place at CCI. On April 24, 2002, Plaintiff filed a writ of habeas corpus in Del Norte Superior Court challenging his disciplinary and gang validation issues. On May 20, 2002, the court issued an order to show cause and on October 18, 2002, the court denied Plaintiff's claim based on the credit loss but set oral argument for an evidentiary hearing on the gang validation claim.

///

---

[7] Identified as the eighth cause of action in the amended complaint.

9

The evidentiary hearing was held on September 3, 2003, and the court ruled that Plaintiff's due process rights were violated.

Plaintiff alleges that within minutes of the court's ruling, Defendant Marquez retaliated against Plaintiff by confiscating his personal property. On September 5, 2003, Defendant Rangel confiscated the property of two other inmates and indicated to those inmates that Plaintiff's court filings were the reason for the confiscation. On September 23, 2003, Defendant Marquez returned Plaintiff's bilingual dictionary but refused to return Plaintiff's family photos.

On September 26, 2003, Defendant Bosley attempted to interview Plaintiff regarding an inmate appeal. Plaintiff refused to be interviewed, but Defendant Bosley falsely reported that a statement had been made by Plaintiff. On November 7, 2003, Defendant Case conspired with Defendant Bosley by authoring a disciplinary report against Plaintiff based on the false statement reported by Bosley. The disciplinary report led to the rejection of Plaintiff's inmate appeal.

Plaintiff alleges that Defendant McGrath, the warden at Pelican Bay, was aware of the harassment against Plaintiff.

### a. Eighth Amendment Claim Based on Debriefing Policy

Plaintiff alleges that "Defendants have intentionally inflicted severe physical and mental pain and suffering against [p]laintiff for the purpose of obtaining information or a confession from him . . . ." (Amend. Comp., ¶135.) To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). "What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishment Clause depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. at 8 (quotations and citations omitted). "[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim." Id. at 9 (citation omitted). With respect to this type of claim, "[b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Id. (quotations and

citations omitted). Prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Plaintiff appears to be alleging that the debriefing policy which applies to inmates who have been validated as gang associates or gang members and assessed SHU terms violates the Eighth Amendment. Plaintiff has not alleged any facts that give rise to a claim based on violation of the Eighth Amendment with respect to this policy. Accordingly, the Court recommends that this claim be dismissed, with prejudice.[8]

### b. Eighth Amendment Claim Based on SHU Conditions

Plaintiff has alleged sufficient facts to support a claim that the SHU conditions at PBSP violated the Eighth Amendment. (Amend. Comp., ¶¶110-114.) However, Plaintiff has not alleged any facts linking any of the named Defendants to the conditions in the SHU. Plaintiff may not state a claim under section 1983 based on a general allegation that "Defendants" were responsible for this violation, particularly when his amended complaint names twenty-one defendants and it is clear from the pleading that not all of the defendants named can possibly be liable for the conditions that exist at the PBSP SHU. Although the factual allegations in Plaintiff's amended complaint are to be construed liberally, the Court may not read into the complaint facts linking named defendants to an alleged violation where no such linking facts have been alleged. Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989); Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)). Accordingly, the Court finds that Plaintiff's amended complaint fails to state an Eighth Amendment claim based on the conditions in the SHU. The Court finds it in the interest of justice to allow dismissal of this claim without prejudice but without leave to amend in this action, as Plaintiff was notified in the Court's previous order of the need to link named defendants to the actions or omissions complained of, but failed to do so.[9]

///

---

[8] Identified as the tenth cause of action in the amended complaint.

[9] Identified as the eleventh cause of action in the amended complaint.

11

     c. <u>Fourth and Eighth Amendment Claims Against Defendant Marquez</u>

Plaintiff alleges that by searching, confiscating, and destroying his personal property, Defendant Marquez violated his rights under the Fourth and Eighth Amendments. These claims are without merit. The Fourth Amendment does not bestow upon Plaintiff a protected right with respect to his personal property, see <u>Hudson v. Palmer</u>, 468 U.S. 517, 536 (1984) (no "reasonable expectation of privacy in his prison cell entitling him to the protection of the Fourth Amendment against unreasonable searches and seizures"), and the search, confiscation, and destruction of personal property simply does not rise to the level of cruel and unusual punishment. See <u>Hudson v. McMillian</u>, 503 U.S. 1, 9 (1992) ( "[E]xtreme deprivations are required to make out a conditions-of-confinement claim.") (internal quotation marks and citations omitted). The Court recommends that these claims be dismissed, with prejudice.[10]

     d. <u>Eighth Amendment Claim Against Defendant Rangel</u>

Plaintiff alleges that Defendant Rangel violated his rights under the Eighth Amendmetn when Rangel endangered his safety by confiscating other inmates' property and telling them it was because Plaintiff was filing with the Court. Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with personal safety. <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347 (1981); <u>Toussaint v. McCarthy</u>, 801 F.2d 1080, 1107 (9th Cir. 1986); <u>Hoptowit v. Ray</u>, 682 F.2d 1237, 1246 (9th Cir. 1982). A prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. <u>Farmer v. Brennan</u>, 511 U.S. 825, 837-45 (1994).

Plaintiff's allegations are sufficient to give rise to a claim for relief under section 1983 against Defendant Rangel for endangering Plaintiff's safety, in violation of the Eighth Amendment.[11] <u>Swierkiewicz</u>, 534 U.S. at 512-15; <u>Austin</u>, 367 F.3d at 1171; <u>Jackson</u>, 353 F.3d at 754; <u>Galbraith v. County of Santa Clara</u>, 307 F.3d 1119, 1125-26 (9th Cir. 2002).

---

[10] Identified as the twelfth cause of action in the amended complaint.

[11] Identified as the thirteenth cause of action in the amended complaint.

e. <u>Denial of Access to the Courts</u>

Plaintiff alleges that by falsifying information with respect to his inmate appeal, Defendants Bosley, Case, and Marquez violated his constitutional rights by denying him access to the courts. Inmates have a fundamental constitutional right of access to the courts. <u>Lewis v. Casey</u>, 518 U.S. 343, 346 (1996). The right of access is merely the right to bring to court a grievance the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions. <u>Id</u>. at 354. An inmate claiming interference with or denial of access to the courts must show that he suffered an actual injury. <u>Id</u>.

Plaintiff has alleged no facts that demonstrate that he has suffered any actual injury. Plaintiff's reliance on <u>Knight v. Nimrod</u>, 14 Fed.Appx. 921 (9th Cir. 2001) is misplaced. First, the decision is unpublished and therefore does not constitute authority upon which this Court must or even may rely. Second, this Court already recognizes that situations will arise in which misconduct during the appeals process may give rise to suit under section 1983. <u>See</u> <u>e.g.</u>, <u>Ngo v. Woodford</u>, 403 F.3d 620, 631 (9th Cir. 2005) (exhaustion occurred when appeals coordinator exercised discretion to screen out appeal as untimely and no further process remained available to the inmate); <u>Mitchell v. Horn</u>, 318 F.3d 523, 529 (3d Cir. 2003) (recognizing that a remedy prison officials prevent a prisoner from utilizing is not an available remedy); <u>Miller v. Norris</u>, 247 F.3d 736, 740 (8th Cir. 2001) (a remedy prison officials prevent a prisoner from utilizing is not an available remedy). However, this misconduct will lead to a cognizable claim for denial of access to the courts only when and if the inmate suffers an actual injury concerning a suit as a result of the misconduct. The allegedly wrongful dismissal of his appeal is insufficient, alone, to constitute a denial of access to the courts. Until Plaintiff suffers some actual prejudice with respect to a suit or a claim within a suit and this prejudice results from prison officials' wrongful dismissal of his inmate appeal, Plaintiff has not suffered an actual injury. At this juncture, Plaintiff's access to the courts claims stemming from the dismissal of his inmate appeal is premature. The Court therefore recommends that the claim be dismissed without prejudice but without leave to amend in this action.[12]

---

[12] Identified as the fourteenth cause of action in the amended complaint.

f.   Conspiracy Claim Against Defendants Bosley and Case

Although Plaintiff alleges a conspiracy claim against Defendants Bosley and Case, Plaintiff has not alleged any facts that support such a claim. First, Plaintiff has not set forth facts that would support a claim that Defendants conspired. Second, because Plaintiff has not alleged an underlying cognizable claim for denial of access to the courts, no claim for conspiracy can lay against Defendants. Because Plaintiff was previously notified of the legal standard and what is required to state a conspiracy claim, the Court recommends that this claim be dismissed, with prejudice.[13]

g.   Equal Protection Claim

Plaintiff alleges a claim for relief for denial of equal protection under both the United States Constitution and the California Constitution. These claims are addressed as one claim since a discussion of Plaintiff's federal constitutional claim resolves both the federal and state constitutional claims. Los Angeles County Bar Assoc. v. Eu, 979 F.2d 697, 705 (9th Cir. 1992) (citing Payne v. Superior Court, 132 Cal.Rptr. 405, 410 n. 3 (1976) (the California Constitution provides the same basic guarantee as the Fourteenth Amendment of the United States Constitution)).

Equal protection claims arise when a charge is made that similarly situated individuals are treated differently without a rational relationship to a legitimate state purpose. See San Antonio School District v. Rodriguez, 411 U.S. 1 (1972). In order to state a § 1983 claim based on a violation of the Equal Protection Clause of the Fourteenth Amendment, a Plaintiff must allege some facts that would support a claim that Defendants acted with intentional discrimination against Plaintiff or against a class of inmates which included Plaintiff. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (equal protection claims may be brought by a "class of one"); Reese v. Jefferson Sch. Dist. No. 14J, 208 F.3d 736, 740 (9th Cir. 2000); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998); Federal Deposit Ins. Corp. v. Henderson, 940 F.2d 465, 471 (9th Cir. 1991); Lowe v. City of Monrovia, 775 F.2d 998, 1010 (9th Cir. 1985).

Plaintiff has not alleged any facts that support a claim that Defendants acted with intentional discrimination against him because he was born in Mexico. Plaintiff's allegation that Defendants

---

[13] Identified as the fifteenth cause of action in the amended complaint.

intentionally discriminated against him because he is a Mexican-born national is conclusory and is insufficient to give rise to a claim for relief under section 1983 for violation of the Equal Protection Clause. Because Plaintiff was previously notified of the deficiencies in this claim, but failed to cure them, the Court recommends that this claim be dismissed, with prejudice.[14]

        h.        <u>Due Process Claim Based on Violation of State Regulations</u>

Plaintiff alleges a claim for relief under section 1983 for denial of due process based on Defendants' violation of state regulations governing the validation and SHU term assessment process. Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." <u>Sweaney v. Ada County, Idaho</u>, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." <u>Id</u>.

Plaintiff has alleged a cognizable claim for denial of due process with respect to the validation process and assessment of a SHU term. Plaintiff does not have a separate due process claim under section 1983 based on violation of state regulations. This claim shall be dismissed, with prejudice.[15]

        i.        <u>Due Process Claim Based on Violation of California Constitution</u>

Plaintiff alleges a claim for relief for denial of due process under the California Constitution based on his validation and receipt of a SHU term. Plaintiff has stated a cognizable claim for relief for denial of due process under federal law with respect to this claim. These due process claims are addressed as one claim since a discussion of Plaintiff's federal due process claim resolves both the federal and state constitutional claims.[16] <u>Los Angeles County Bar Assoc.</u>, 979 F.2d at 705 (citing <u>Payne</u>, 132 Cal.Rptr. at 410 n. 3 (the California Constitution provides the same basic guarantee as the Fourteenth Amendment of the United States Constitution)).

---

[14] Seventeenth and eighteenth causes of action in the amended complaint.

[15] Nineteenth cause of action in the amended complaint.

[16] Twentieth cause of action in the amended complaint.

g.  Violation of Penal Codes Sections and Title 15 Regulations[17]

Plaintiff alleges a claim for relief based on the violation of California Penal Code sections 147, 673, and 2932, and sections 3000, 3023, 3312(a)(3), 3315, 3310-3320, and 3335-3341.5 of Title 15 of the California Code of Regulations. Section 147 provides for the criminal punishment of officers who mistreat prisoners. Cal. Penal Code § 147 (West 2006). Section 673 provides for the criminal punishment of those who inflict cruel, corporal, or unusual punishments upon prisoners. Cal. Penal Code § 673 (West 2006). Finally, section 2932 governs the denial of time credits. Cal. Penal Code § 2932 (West 2006).

A private right of action under a criminal statute has rarely been implied. Chrysler Corp. v. Brown, 441 U.S. 281, 316 (1979). Where a private right of action has been implied, "'there was at least a statutory basis for interring that a civil cause of action of some sort lay in favor of someone.'" Chrysler Corp., 441 U.S. at 316 (quoting Cort v. Ash, 422 U.S. 66, 79 (1975)). The Court has reviewed the penal statutes in question and there is no indication that civil enforcement of any kind is available to Plaintiff. Cort, 422 U.S. at 79-80; Keaukaha-Panaewa Cmty. Ass'n v. Hawaiian Homes Comm'n, 739 F.2d 1467, 1469-70 (9th Cir. 1984). With respect to violations of sections 147 and 673, the United States Constitution and the California Constitution protect Plaintiff from this type of conduct and provide a civil remedy for Plaintiff. With respect to section 2932, Plaintiff has recourse via a petition for habeas corpus. In addition, if Plaintiff prevails in a petition or has the forfeiture of his credits reversed in a prison administrative proceeding, Plaintiff may then have a civil remedy under section 1983. Accordingly, the Court finds that Plaintiff fails to state any claims upon which relief may be granted under state law based on the alleged violations of sections 147, 673, and 2932.

With respect to Title 15 regulations, section 3000 provides for the definition of certain terms within the regulations, section 3023 prohibits gang activity, section 3312 defines how inmate misconduct shall be handled, section 3315 addresses serious rules violations, sections 3310 through 3320 address rules violations and discipline, and sections 3335 through 3341.5 address administrative segregation and segregated program housing units, of which one is SHU. The

---

[17] Twenty-first cause of action.

existence of regulations such as these governing the conduct of prison employees does not necessarily entitle Plaintiff to sue civilly to enforce the regulations or to sue for damages based on the violation of the regulations. The Court has found no authority to support a finding that there is an implied private right of action under Title 15 and Plaintiff has provided none. Given that the statutory language does not support an inference that there is a private right of action, the Court finds that Plaintiff fails to state any claims upon which relief may be granted based on the violation of Title 15 regulations. Accordingly, the Court recommends that Plaintiff's claim based on the violation of the penal code sections and sections of Title 15 be dismissed, with prejudice.

h.  Failure to Train and Supervise

Finally, Plaintiff alleges that supervisory defendants had a duty to train and supervise subordinates, and failed to do so. In City of Canton, Ohio v. Harris, 489 U.S. 378 (1989), the Supreme Court held that, under certain circumstances, a municipality may be held liable based on the failure to train its employees. The Court finds no authority for the extension of City of Canton and its progeny to a state prison official being sued in his personal capacity. It appears that the cases involving failure to train are limited to suits against city and county entities. Plaintiff may, under section 1983, pursue a claim against supervisory officials under the theory of supervisory liability. Plaintiff's claim shall therefore be analyzed under that standard.

Under section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of respondeat superior. When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 for supervisory liability, Plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards

are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

Plaintiff's amended complaint contains two cognizable claims, one for denial of due process with respect to his validation and receipt of a SHU term, and one for violation of the Eighth Amendment with respect to the endangerment of his personal safety by Defendant Rangel. Any claim for relief based on supervisory liability must arise from one or both of these underlying claims. Although Plaintiff does not name which defendants he seeks to hold liable in his twenty-second cause of action, it appears to be former CDC Director Alameida and PBSP Warden McGrath.

Plaintiff has not alleged any facts indicating that Defendant Alameida personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black at 646. Defendant Alameida is therefore entitled to dismissal of the claim against him, with prejudice.

Finally, although Plaintiff alleges generally that Defendant McGrath knew of the harassment against him, Plaintiff has not alleged any facts that support a claim for relief against Defendant McGrath based on Defendant Rangel's endangerment of his safety. The alleged violation of Plaintiff's rights accrued and was completed upon Defendant Rangel's statement to the other inmates that their property was confiscated due to Plaintiff's litigation activities. There are no facts in the amended complaint that would support a claim that Defendant McGrath either participated in this violation or knew the violation was going to occur and failed to prevent it. Accordingly, Defendant McGrath is entitled to dismissal of this claim against him, with prejudice.

E.  Conclusion

In conclusion, the Court finds that Plaintiff's amended complaint contains claims for relief under section 1983 against Defendants Verdin, Gentry, Haws, Fisher, Schmidt, and Travers for violation of Plaintiff's right to due process with respect to the validation of Plaintiff as a gang associate and the assessment of a SHU term, and against Defendant Rangel for violation of the Eighth Amendment. However, Plaintiff's amended complaint does not contain any other claims for

relief. Plaintiff was previously provided with the applicable legal standards, and given leave to amend. Accordingly, the Court HEREBY RECOMMENDS that:

    1.    This action proceed on Plaintiff's due process claim against Defendants Verdin, Gentry, Haws, Fisher, Schmidt, and Travers based on the validation of Plaintiff as a gang associate and the assessment of a SHU term against Plaintiff (fifth and ninth causes of action), and on Plaintiff's Eighth Amendment claim against Defendant Rangel based on the endangerment of Plaintiff's personal safety (thirteenth cause of action);

    2.    The following claims be dismissed from this action for failure to state a claim upon which relief may be granted:

        a.    Due process claim stemming from August 7, 1999 disciplinary hearing, without prejudice (first cause of action);

        b.    Due process claim against Defendants Verdin, Gentry, Haws, Schmidt, Winett, and Fisher based on retention in ad-seg, with prejudice (second, third, and fourth causes of action);

        c.    Due process claim against Defendants Casey and Avalos based on failure to assist Plaintiff, with prejudice (sixth cause of action);

        d.    Due process claim against Defendants Manuel, Gentry, Todd, and Hansen based on involvement in addressing Plaintiff's inmate appeal, with prejudice (seventh cause of action);

        e.    Conspiracy claim against Defendants Todd, Albritton, Casey, and Avalos, with prejudice (eighth cause of action);

        f.    Eighth Amendment claim based on debriefing policy, with prejudice (tenth cause of action);

        g.    Eighth Amendment claim based on SHU conditions, without prejudice but without leave to amend in this action (eleventh cause of action);

        h.    Fourth and Eighth Amendment claims against Defendant Marquez, with prejudice (twelfth cause of action);

   i. Denial of access to the courts claim against Defendants Bosley, Case, and Marquez, without prejudice but without leave to amend in this action (fourteenth cause of action);

   j. Conspiracy claim against Defendants Bosley and Case, with prejudice (fifteenth cause of action);

   k. Equal protection claim, with prejudice (seventeenth and eighteenth causes of action);

   l. Separate due process claim under section 1983 based on violation of state regulations, with prejudice (twentieth cause of action);

   m. Claim based on violation of penal code sections and Title 15 regulations, with prejudice (twenty-first cause of action); and

   n. Failure to train and supervise/supervisory liability claim, with prejudice (twenty-second cause of action); and

  3. Defendants Alameida, Chapman, R. Casey, Manuel, Winett, Todd, Albritton, T. Casey, Avalos, Hansen, McGrath, Bosley, Case, and Marquez be dismissed based on Plaintiff's failure to state any claims upon which relief may be granted against them.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated: February 16, 2006**     /s/ Lawrence J. O'Neill
b9ed48           UNITED STATES MAGISTRATE JUDGE