# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL JUAREZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ALAMEDA, et al.,<br><br>　　　　　Defendants. | CASE NO. 1:04-CV-5668-REC-LJO-P<br><br>ORDER FINDING SERVICE OF AMENDED COMPLAINT APPROPRIATE, AND FORWARDING SERVICE DOCUMENTS TO PLAINTIFF FOR COMPLETION AND RETURN<br><br>(Doc. 25) |

Plaintiff Manuel Juarez ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on May 3, 2004. The court screened plaintiff's amended complaint pursuant to 28 U.S.C. § 1915A and found that it states cognizable claims for relief under section 1983 against defendants Verdin, Gentry, Haws, Fisher, Schmidt, and Travers for violation of plaintiff's right to due process with respect to the validation of plaintiff as a gang associate and the assessment of a SHU term (fifth and ninth causes of action), and against defendant Rangel for endangering plaintiff's safety, in violation of the Eighth Amendment (thirteenth cause of action).[1] Fed. R. Civ. P. 8(a); <u>Swierkiewicz v. Sorema</u>

---

[1] On May 10, 2006, the court dismissed plaintiff's (1) due process claim stemming from August 7, 1999 disciplinary hearing, without prejudice (first cause of action); (2) due process claim against defendants Verdin, Gentry, Haws, Schmidt, Winett, and Fisher based on retention in ad-seg, with prejudice (second, third, and fourth causes of action); (3) due process claim against defendants Casey and Avalos based on failure to assist plaintiff, with prejudice (sixth cause of action); (4) due process claim against defendants Manuel, Gentry, Todd, and Hansen based on involvement in addressing plaintiff's inmate appeal, with prejudice (seventh cause of action); (5) conspiracy claim against defendants Todd, Albritton, Casey, and Avalos, with prejudice (eighth cause of action); (6) Eighth Amendment claim based on debriefing policy, with prejudice (tenth cause of action); (7) Eighth Amendment claim based on SHU conditions, without prejudice but without leave to amend in this action (eleventh cause of action); (8) Fourth and Eighth Amendment claims against defendant Marquez, with prejudice (twelfth cause of action); (9) denial

N. A., 534 U.S. 506, 512-15 (2002); Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004); Jackson v. Carey, 353 F.3d 750, 754 (9th Cir. 2003); Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125-26 (9th Cir. 2002). (Docs. 31, 39.) Accordingly, it is HEREBY ORDERED that:

1. Service is appropriate for the following defendants:

> N. VERDIN
>
> J. GENTRY
>
> F. B. HAWS
>
> EVERETT W. FISHER
>
> F. SCHMIDT
>
> D. TRAVERS
>
> F. A. RANGEL

2. The Clerk of the Court shall send plaintiff seven (7) USM-285 forms, seven (7) summonses, a Notice of Submission of Documents form, an instruction sheet and a copy of the amended complaint filed March 7, 2005.

3. Within **thirty (30) days** from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the completed Notice to the court with the following documents:

   a. Completed summons;

   b. One completed USM-285 form for each defendant listed above; and

   c. Eight (8) copies of the endorsed amended complaint filed March 7, 2005.

///

---

of access to the courts claim against defendants Bosley, Case, and Marquez, without prejudice but without leave to amend in this action (fourteenth cause of action); (10) conspiracy claim against defendants Bosley and Case, with prejudice (fifteenth cause of action); (11) equal protection claim, with prejudice (seventeenth and eighteenth causes of action); (12) separate due process claim under section 1983 based on violation of state regulations, with prejudice (twentieth cause of action); (13) claim based on violation of penal code sections and Title 15 regulations, with prejudice (twenty-first cause of action); and (14) failure to train and supervise/supervisory liability claim, with prejudice (twenty-second cause of action), for failure to state a claim upon which relief may be granted; and dismissed defendants Alameida, Chapman, R. Casey, Manuel, Winett, Todd, Albritton, T. Casey, Avalos, Hansen, McGrath, Bosley, Case, and Marquez from this action based on plaintiff's failure to state any claims upon which relief may be granted against them. (Doc. 39.)

4. Plaintiff need not attempt service on defendants and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

5. <u>The failure to comply with this order will result in a recommendation that this action be dismissed</u>.

IT IS SO ORDERED.

**Dated:   May 13, 2006**               /s/ Lawrence J. O'Neill
b9ed48                                         UNITED STATES MAGISTRATE JUDGE