# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL JUAREZ, | CASE NO. 1:04-CV-05668-OWW-LJO P |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME AND MOTION |
| v. | FOR APPOINTMENT OF COUNSEL |
| ALAMEDA, et al., | (Docs. 67 and 68) |
| Defendants. | |

Plaintiff Manuel Juarez ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On October 26, 2006, plaintiff filed a motion seeking an extension of time to file a response to defendants' answer and a motion seeking the appointment of counsel.

Neither the Federal Rules of Civil Procedure nor the Local Rules provides for a reply to an answer, absent an order from the court requiring one. Fed. R. Civ. P. 7(a). In this case, the court did not order a reply to the answer. Therefore, plaintiff's motion for an extension of time shall be denied. If plaintiff files a response to the answer, it will be ordered stricken from the record.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

1

1    Without a reasonable method of securing and compensating counsel, the court will seek
2    volunteer counsel only in the most serious and exceptional cases. In determining whether
3    "exceptional circumstances exist, the district court must evaluate both the likelihood of success of
4    the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity
5    of the legal issues involved." Id. (internal quotation marks and citations omitted).

6    In the present case, the court does not find the required exceptional circumstances. Even if
7    it is assumed that plaintiff is not well versed in the law and that he has made serious allegations
8    which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with
9    similar cases almost daily. Further, at this early stage in the proceedings, the court cannot make a
10   determination that plaintiff is likely to succeed on the merits, and based on a review of the record
11   in this case, the court does not find that plaintiff cannot adequately articulate his claims. Id.
12   Therefore, plaintiff's motion for the appointment of counsel shall be denied.

13   Based on the foregoing, plaintiff's motion for an extension of time to file a response to
14   defendants' answer and motion seeking the appointment of counsel, filed October 26, 2006, are
15   HEREBY DENIED.

17   IT IS SO ORDERED.

18   **Dated:   October 30, 2006**                    **/s/ Lawrence J. O'Neill**
     i0d3h8                                           UNITED STATES MAGISTRATE JUDGE