# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL JUAREZ,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>ALAMEDA, et al.,<br><br>　　　　　　Defendants.<br>_____ / | CASE NO. 1:04-cv-05668-LJO-NEW (DLB) PC<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. 79)<br><br>ORDER GRANTING MOTION FOR THIRTY-DAY EXTENSION OF TIME TO FILE OPPOSITION TO MOTION TO DISMISS<br><br>(Doc. 80) |

　　　　Plaintiff Manuel Juarez ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On April 18, 2007, plaintiff filed a motion seeking the appointment of counsel, and on April 25, 2007, plaintiff filed a motion seeking a thirty-day extension of time to file an opposition to defendants' motion to dismiss.

　　　　Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

　　　　Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether

"exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the court does not find the required exceptional circumstances. Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the court cannot make a determination that plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the court does not find that plaintiff cannot adequately articulate his claims. Id. Therefore, plaintiff's motion for the appointment of counsel must be denied.

Good cause having been shown, plaintiff's motion for a thirty-day extension of time to file an opposition is granted.

It is HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel, filed April 18, 2007, is DENIED; and

2. Plaintiff's motion for a thirty-day extension of time to file an opposition to defendants' motion to dismiss, filed April 25, 2007, is GRANTED.

IT IS SO ORDERED.

Dated:   **May 1, 2007**          /s/ **Dennis L. Beck**
                                  UNITED STATES MAGISTRATE JUDGE