# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL JUAREZ,<br><br>         Plaintiff,<br><br>     v.<br><br>ALAMEDA, et al.,<br><br>         Defendants.<br>_____ / | CASE NO. 1:04-cv-05668-LJO-NEW (DLB) PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANT RANGEL'S MOTION TO DISMISS BE GRANTED AND THE CLAIM AGAINST HIM BE DISMISSED, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST<br><br>(Doc. 76) |

I.   Findings and Recommendations Addressing Defendant Rangel's Motion to Dismiss

   A.   Procedural History

Plaintiff Manuel Juarez ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's amended complaint, filed March 7, 2005, against defendants Verdin, Gentry, Haws, Fisher, Schmidt, and Travers for violation of plaintiff's right to due process with respect to the validation of plaintiff as a gang associate and the assessment of a SHU term, and against defendant Rangel for endangering plaintiff's safety, in violation of the Eighth Amendment. On February 26, 2007, pursuant to the unenumerated portion of Federal Rule of Civil Procedure 12(b), defendant Rangel ("defendant") filed a motion to dismiss based on plaintiff's failure to

///
///
///

1

exhaust the available administrative remedies. (Doc. 76.) After obtaining an extension of time, plaintiff filed an opposition to the motion on May 30, 2007.[1] (Doc. 82.)

### B. Legal Standard

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. Jones, 127 S.Ct. at 921; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curiam)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

### C. Discussion

The California Department of Corrections has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (2007). The process is initiated by submitting a CDC Form 602. Id. at § 3084.2(a). Four levels of appeal are involved, including

---

[1] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on June 16, 2006. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). (Doc. 43.)

the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c). In order to satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. Woodford v. Ngo, 126 S.Ct. 2378, 2383 (2006); McKinney, 311 F.3d at 1199-1201.

Defendant argues that he is entitled to dismissal because a Director's Level decision is required to exhaust and plaintiff did not obtain a decision at this level concerning his claim against him. In support of his motion, defendant submits evidence that although plaintiff obtained two Director's Level decisions, neither decision concerned the claim against him. (Doc. 76, Grannis Dec. ¶¶3-5.)

In his opposition, plaintiff argues that defendant's motion should be denied because defendant does not deny endangering his life, the motion to dismiss is based solely on failure to exhaust, and the Grannis declaration does not in and of itself prove plaintiff failed to use the inmate appeals process. Plaintiff argues that he filed two appeals, one of which was rejected and one of which was mailed to Sacramento and has not been returned or addressed. Plaintiff argues that a rejected appeal becomes non-appealable and should be deemed exhausted. Plaintiff argues that assuming non-exhaustion is found, defendant's statement to other inmates insinuating plaintiff was an informant automatically includes defendant in this action by demonstrating the reasons for his action and demonstrating that he endangered plaintiff's life. Finally, plaintiff argues that defendant's actions bear some relationship to his original action in which a state court found due process violations.

The sole issue before the court on this motion is whether or not plaintiff exhausted his Eighth Amendment failure to protect claim against defendant Rangel. If plaintiff failed to exhaust his claim against defendant, defendant is entitled to dismissal, regardless of the merits of plaintiff's claim against him.

///

1    The court rejects defendant's argument that a Director's Level response is necessary to
2 satisfy the exhaustion requirement and the mere absence of a Director's Level response entitles
3 him to dismissal.  Brown v. Valoff, 422 F.3d 926, 935-36 (9th Cir. 2005) ("[A] prisoner need not
4 press on to exhaust further levels of review once he has either received all 'available' remedies at
5 an intermediate level or has been reliably informed by an administrator that no remedies are
6 available.").  In this instance, however, it is clear from the record that plaintiff did not exhaust.
7    Plaintiff filed an appeal on September 4, 2003.  (Doc. 82, pg. 4 ¶8; Exhibit A, pg. 12.)
8 The appeal was addressed at the informal level of review and then screened out when submitted
9 at the first formal level of review.  (Id., pg. 4 & 6 ¶¶8-10; Exhibit A, pgs. 11. 12.)  Plaintiff
10 argues that he filed an appeal and because it was rejected by the appeals coordinator, it should be
11 considered exhausted.
12    Plaintiff's appeal was screened out with the following comment, "This was a request for
13 information and should not have been responded to, however it was and you got your answer.  If
14 you wish to contend property was lost you may write an appeal on the issue and obtain an
15 informal response."  (Doc. 82, pg. 11.)  "[Proper] exhaustion of administrative remedies is
16 necessary," Woodford v. Ngo, 126 S.Ct. 2378, 2382 (2006), and "[p]roper exhaustion demands
17 compliance with an agency's deadlines and other critical procedural rules . . . ," id. at 2386.
18 First, plaintiff was obligated to draft an appeal that complied with the requirements of the
19 process.  The screening out of this appeal does not constitute exhaustion of the appeal.  Second, a
20 review of the appeal in question reveals that it did not grieve the actions of defendant Rangel at
21 issue in this action.  Rather, the appeal related to the confiscation of plaintiff's property.
22    Plaintiff also argues that he sent a second appeal to the appeals office in Sacramento and
23 did not receive a response.  (Id., pg. 6 ¶11; Exhibit B pgs. 16, 17.)  The second appeal was
24 initiated on September 15, 2003, grieving the confiscation of plaintiff's property.  (Id., Exhibit B
25 pg. 16.)  As relief, plaintiff sought the return of his photographs and dictionary.  (Id.)  At the first
26 formal and second levels, plaintiff again addressed the issue of the confiscation of his property.
27 (Id., pgs. 16, 17.)  The first mention of defendant Rangel appears in plaintiff's submission to the
28 third and final level of review.  (Id., pg. 17.)

4

1    Plaintiff initiated his appeal concerning the confiscation of his property, and the appeal
2 was classified as a property issue.  (Id., pg. 16, 21.)  Regardless of whether or not the lack of
3 response from the Director's Level might either be found to constitute exhaustion of this appeal
4 or at least be sufficient to defeat defendant's motion, the appeal was not initiated and pursued
5 against defendant Rangel for endangering plaintiff's safety.  Plaintiff is required to properly
6 exhaust by filing an inmate appeal grieving the conduct of defendant Rangel at the lowest level
7 applicable and pursue the appeal as necessary through the appeals process.  Woodford, 126 S.Ct.
8 at 2382; Cal. Code Regs., tit. 15 § 3084.2.  Plaintiff did not do so.

        D.    Conclusion

        Based on the foregoing, the court HEREBY RECOMMENDS that defendant Rangel's unenumerated Rule 12(b) motion, filed February 26, 2007, be GRANTED and the claim against him be dismissed, without prejudice, based on plaintiff's failure to exhaust.

        These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

        IT IS SO ORDERED.

        Dated:   **June 12, 2007**           /s/ **Dennis L. Beck**
                                                    UNITED STATES MAGISTRATE JUDGE