1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9
10
11
12
13
14

| | |
|---|---|
| MANUEL JUAREZ, | CASE NO. 1:04-cv-05668-LJO-NEW (DLB) PC |
| Plaintiff, | ORDER DENYING MOTIONS FOR RECONSIDERATION AND FOR ENTRY OF JUDGMENT PURSUANT TO RULE 54(B) |
| v. | |
| ALAMEDA, et al., | (Doc. 88) |
| Defendants. | |

15   Plaintiff Manuel Juarez ("plaintiff") is a state prisoner proceeding pro se and in forma

16   pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On September 17, 2007, plaintiff

17   filed a motion for reconsideration of the Court's order granting defendant Rangel's motion to dismiss

18   the Eighth Amendment claim against him for failure to exhaust the available administrative

19   remedies. Fed. R. C iv. P. 12(b).  (Docs. 83, 85, 88.)  Defendants Rangel, Verdin, Gentry, Haws,

20   Fisher, Schmidt, and Travers did not file a response.

21   Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the

22   district court.  A district court may relieve a party from a final order or judgment on grounds of

23   "mistake . . ." or "any other reason justifying relief from the operation of the judgment." Fed. R. Civ.

24   P. 60(b)(1),(6).  "The Rule 60(b)(6) 'catch-all' provision . . . applies only when the reason for

25   granting relief is not covered by any of the other reasons set forth in Rule 60." Delay v. Gordon, 475

26   F.3d 1039, 1044 (9th Cir. 2007).  Rule 60(b)(6) is to be "'used sparingly as an equitable remedy to

27   prevent manifest injustice' and 'is to be utilized only where extraordinary circumstances prevented

28   ///

1

1   a party from taking timely action . . . .'" Id. (quoting United States v. Alpine Land & Reservoir Co.,
2   984 F.2d 1047, 1049 (9th Cir. 1993)).

3       Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin
4   Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983)
5   (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce
6   the Court to reverse its prior decision. See e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634
7   F.Supp. 656, 665 (E.D.Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th
8   Cir. 1987), cert. denied, 486 U.S. 1015, 108 S.Ct. 1752, 100 L.Ed.2d 214 (1988). When filing a
9   motion for reconsideration, Local Rule 78-230(k) requires a party to show the "new or different
10  facts or circumstances claimed to exist which did not exist or were not shown upon such prior
11  motion, or what other grounds exist for the motion."

12      In his motion, plaintiff contends that under applicable law, dismissal of plaintiff's claim
13  against defendant Rangel without prejudice is improper and plaintiff must be allowed to proceed
14  with his claim. In the alternative, plaintiff seeks leave to appeal the dismissal of the claim.

15      Plaintiff's contention that dismissal of his Eighth Amendment claim without prejudice is
16  improper and is without merit. Jones v. Bock, 127 S.Ct. 910, 923-26 (2007) (unexhausted claims
17  may not be considered but action may proceed on exhausted claims); Lira v. Herrera, 427 F.3d 1164,
18  1175 (9th Cir. 2005) (unexhausted claims should be dismissed by court). Plaintiff was provided with
19  the opportunity to oppose defendant's motion to dismiss and to object to the findings and
20  recommendations. Plaintiff availed himself of both opportunities, and his arguments were rejected.
21  A motion for reconsideration is not intended to provide plaintiff with a third bite at the apple.
22  Plaintiff has set forth no grounds entitling him to relief from the Court's order dismissing his Eighth
23  Amendment claim, Fed. R. Civ. P. 60(b), and his motion is for reconsideration is denied.

24      Plaintiff's request for leave to appeal the dismissal at this juncture is construed to be brought
25  pursuant to Federal Rule of Civil Procedure 54(b), which allows the Court to enter judgment on
26  fewer than all of the claims in a multi-claim lawsuit. There exists "a long-settled and prudential
27  policy against the scattershot disposition of litigation," and "entry of judgment under [Rule 54(b)]
28  should not be indulged as a matter of routine or as a magnanimous accommodation to lawyers or

litigants." <u>Spiegel v. Trustees of Tufts College</u>, 843 F.2d 38, 42 (9th Cir. 1988) (citations omitted). "Judgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by the pressing needs of the litigants for an early and separate judgment as to some claims or parties." <u>Morrison-Knudsen Co., Inc. v. Archer</u>, 655 F.2d 962, 965 (9th Cir. 1981). There is nothing unusual about the dismissal of an unexhausted claim from a multi-claim action pursuant to 42 U.S.C. § 1997e(a). Rather, the procedure is routine in cases such as this. Plaintiff has set forth no grounds warranting entry of judgment pursuant to Rule 54(b) and the Court can discern none. Therefore, the motion is denied.

For the foregoing reasons, plaintiff's motions for reconsideration or for entry of judgment pursuant to Rule 54(b), filed September 17, 2007, are HEREBY DENIED.


IT IS SO ORDERED.

**Dated:   October 11, 2007**             **/s/ Lawrence J. O'Neill**
                                    UNITED STATES DISTRICT JUDGE

3