1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9

MANUEL JUAREZ,                                    CASE NO. 1:04-cv-05668-LJO-GSA PC

10
                          Plaintiff,              FINDING AND RECOMMENDATION
                                                  RECOMMENDING PLAINTIFF'S MOTION
11        v.                                      FOR PRELIMINARY INJUNCTIVE RELIEF
                                                  BE DENIED
12   ALAMEDA, et al.,
                                                  (Docs. 91 and 97)
13                        Defendants.
                                                  OBJECTION DUE WITHIN THIRTY DAYS
14   _____/

15

16        Plaintiff Manuel Juarez ("Plaintiff") is a state prisoner proceeding pro se and in forma

17   pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On October 16, 2007, Plaintiff filed

18   a motion seeking an order mandating that prison officials (1) keep Plaintiff at Richard J. Donovan

19   Correctional Facility or if transfer must occur, transfer him to a location where he has no enemies,

20   (2) cease harassing Plaintiff through repeat transfers, (3) cease religious coercion, and (4) cease

21   future reprisals arising from the grant of this motion.  On October 25, 2007, Plaintiff supplemented

22   his motion to add an exhibit demonstrating the intentional cancellation of his emergency appeal.

23   Defendants did not file a response to the motion.

24        The purpose of a preliminary injunction is to preserve the status quo if the balance of equities

25   so heavily favors the moving party that justice requires the court to intervene to secure the positions

26   until the merits of the action are ultimately determined.  University of Texas v. Camenisch, 451 U.S.

27   390, 395 (1981).  A preliminary injunction is available to a plaintiff who "demonstrates either (1)

28   a combination of probable success and the possibility of irreparable harm, or (2) that serious

1  questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air

2  Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987).   Under either approach the plaintiff "must

3  demonstrate a significant threat of irreparable injury." Id.  Also, an injunction should not issue if the

4  plaintiff "shows no chance of success on the merits." Id.  At a bare minimum, the plaintiff "must

5  demonstrate a fair chance of success of the merits, or questions serious enough to require litigation."

6  Id.

7          Federal courts are courts of limited jurisdiction, and as a preliminary matter, the Court must

8  have before it an actual case or controversy.  City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103

9  S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and

10 State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d

11 1118, 1126 (9th Cir. 2006).  If the Court does not have an actual case or controversy before it, it has

12 no power to hear the matter in question.  Id.  In addition, any award of equitable relief is governed

13 by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any civil

14 action with respect to prison conditions shall extend no further than necessary to correct the violation

15 of the Federal right of a particular plaintiff or plaintiffs.  The court shall not grant or approve any

16 prospective relief unless the court finds that such relief is narrowly drawn, extends no further than

17 necessary to correct the violation of the Federal right, and is the least intrusive means necessary to

18 correct the violation of the Federal right."  18 U.S.C. § 3626(a)(1)(A).

19         This action is proceeding on Plaintiff's amended complaint, filed March 7, 2005, against

20 Defendants Verdin, Gentry, Haws, Fisher, Schmidt, and Travers for violation of Plaintiff's right to

21 due process with respect to the validation of Plaintiff as a gang associate and the assessment of a

22 SHU term.  Because the orders sought by Plaintiff would not remedy the claim upon which this

23 action proceeds, the Court lacks jurisdiction to issue the orders.  For this reason, the Court HEREBY

24 RECOMMENDS that Plaintiff's motion for preliminary injunctive relief, filed October 16, 2007 and

25 supplemented on October 25, 2007, be DENIED.

26         This Finding and Recommendation will be submitted to the United States District Judge

27 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**

28 **days** after being served with this Finding and Recommendation, Plaintiff may file a written objection

with the Court.  The document should be captioned "Objection to Magistrate Judge's Finding and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

**Dated:**    **May 6, 2008**          _____**/s/ Gary S. Austin**_____
                                    UNITED STATES MAGISTRATE JUDGE