# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL JUAREZ,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>ALAMEDA, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:04-cv-05668-LJO-GSA PC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, AND DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF<br><br>(Docs. 91, 97, and 109) |

　　Plaintiff Manuel Juarez ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

　　On May 6, 2008, the Magistrate Judge filed a Findings and Recommendations herein which was served on the parties and which contained notice to the parties that any objections to the Findings and Recommendations were to be filed within thirty days. On June 11, 2008, Plaintiff filed an Objection.

　　In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

　　In his Objection, Plaintiff states that he is being repeatedly transferred between prisons in an effort to discourage him from litigating this action, and that he is asking for nothing more than an order directing the California Department of Corrections and Rehabilitation to cease harassing him.

///

Plaintiff contends that the Court does have jurisdiction to issue the order he seeks and he objects to the contrary finding by the Magistrate Judge.

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the Court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. "A federal court may issue an injunction *if* it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may *not* attempt to determine the rights of persons not before the court." Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).

The due process claim in this action arises against Defendants Verdin, Gentry, Haws, Fisher, Schmidt, and Travers for their past actions in validating Plaintiff as a gang associate and assessing a SHU term against him, and the case or controversy pending before the Court is limited to that issue. While harassment directed toward Plaintiff as a result of pursuit of this action might be subject to redress in a separate action, the pendency of this action provides no jurisdictional basis for the Court to issue the order sought by Plaintiff.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed May 6, 2008, is adopted in full; and
2. Plaintiff's motion for preliminary injunctive relief, filed October 16, 2007 and supplemented on October 25, 2007, is DENIED.

IT IS SO ORDERED.

**Dated:   June 26, 2008**              /s/ Lawrence J. O'Neill
                                    UNITED STATES DISTRICT JUDGE