# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL JUAREZ, | CASE NO. 1:04-cv-05668-LJO-GSA PC |
| Plaintiff, | ORDER VACATING JURY TRIAL SET FOR JUNE 22, 2009, AND DISMISSING ACTION, WITH PREJUDICE, BASED ON PLAINTIFF'S NON-COMPLIANCE WITH THE COURT'S SCHEDULING ORDER |
| v. | |
| ALAMEDA, et al., | |
| Defendants. | (Docs. 118 and 144) |

**Dismissal Order**

This is a civil rights action filed pursuant to 42 U.S.C. § 1983 by Plaintiff Manuel Juarez, a federal prisoner proceeding pro se and in forma pauperis. This matter is set for jury trial on June 22, 2009, on Plaintiff's remaining claim that Defendants Verdin, Haws, Fischer, and Schmidt violated the Due Process Clause of the Fourteenth Amendment of the United States Constitution when they validated him as a gang member without notice and an opportunity to be heard.

On September 24, 2008, the Court issued a scheduling order requiring Plaintiff to file a pretrial statement on or before April 3, 2009. Pending before the Court is Plaintiff's response to the Court's order to show cause why sanctions should not be imposed for failing to file a pretrial statement in compliance with the scheduling order.

**I.     Background**

Plaintiff filed this action on May 3, 2004, at which time he was a state prisoner in the custody of the California Department of Corrections and Rehabilitation. Defendants' motion for summary judgment was granted in part and denied in part on September 10, 2008, and on September 24, 2008, the Court issued the scheduling order setting this matter for jury trial and requiring Plaintiff to file his pretrial statement on or before April 3, 2009. Included with the scheduling order was a copy of Local Rule 16-281, which sets forth the information that must be included in the pretrial statement.

Plaintiff's contacts with the Court subsequent to the issuance of the scheduling order is as

1

follows. Plaintiff filed a notice of consent to Magistrate Judge jurisdiction on October 6, 2008, in compliance with the scheduling order, and on October 14, 2008, the Court issued an order inquiring about the parties' interest in a settlement conference. On October 20, 2008, Plaintiff filed a motion seeking the appointment of counsel based on his lack of legal expertise and having only a "GED" education level. (Doc. 122.) Thereafter, on November 3, 2008, Plaintiff responded to the order relating to a settlement conference. In that response, Plaintiff stated he received the order on October 17, 2008, and had recently been placed in administrative segregation so had *limited* legal property. On November 20, 2008, Plaintiff filed another response, consenting to a settlement conference. The settlement conference was the scheduled for January 20, 2009, and on December 29, 2008, Plaintiff filed a request for instructions on preparing his settlement conference statement. On January 8, 2009, Plaintiff filed a notice of compliance with the order to submit a settlement conference statement to the settlement judge.

On February 11, 2009, Plaintiff filed a motion seeking the appointment of counsel, and in that motion stated that he was due to parole on February 9, 2009, and would be transferred into the custody of the United States Marshal. Plaintiff stated that his legal work was missing, and he did not know the upcoming deadlines in this case. Thereafter, on April 2, 2009, the Court denied the motion for counsel and directed the Clerk's Office to re-serve Plaintiff with the scheduling order.

On April 13, 2009, Plaintiff filed a motion seeking an extension of time to file his pretrial statement, and a continuance of the trial confirmation hearing and jury trial dates. The Court issued an order denying the motion on May 5, 2009. In the order, the Court stated

> Plaintiff was transferred from state to federal custody in February 2009, and asserts that the transfer caused his inability to meet the deadline, due to issues accessing the law library and his legal property. However, Plaintiff fails to provide any explanation regarding his failure to prepare and file his pretrial statement between September 24, 2008, and his transfer to federal custody in February 2009. Plaintiff had approximately five months to complete the task of preparing and filing a pretrial statement. In light of the extensive period of time between the issuance of the order and his transfer into federal custody, the Court finds Plaintiff has not shown good cause for his failure to comply with the Court's order, and his request for an extension of time and a continuance is denied, without prejudice.

(Doc. 144, 1:25-2:6.) The Court ordered Plaintiff to show cause why sanctions should not be imposed for failing to comply with the scheduling order, and Plaintiff filed his response on May 13,

2009. Thereafter, on May 18, 2009, Plaintiff filed his pretrial statement.

II. **Discussion**

In his response to the order to show cause, Plaintiff attests that he was placed in administrative segregation on October 23, 2008, and deprived of his legal property. (Doc. 147, Juarez Decl.) Plaintiff argues that following his release from segregation, the parties were ordered to notify the Court whether they believed a settlement conference would be beneficial. (Id.) Thereafter, in January of 2009, Plaintiff was transferred to California State Prison-Solano and placed in administrative segregation for the settlement conference. (Id.) Plaintiff was housed at that prison for approximately two weeks and did not have access to his property. (Id.) When Plaintiff was returned to High Desert State Prison, he was housed in segregation without his property. (Id.) Plaintiff was then transferred to Folsom State Prison and placed in segregation without his property. (Id.) Finally, Plaintiff was released from Folsom State Prison to the United States Marshal on February 10, 2009.[1] (Id.) Plaintiff argues that he had no control over his lack of access to his legal property, and that he provided notice in his "many" address changes that prison officials were not allowing him access to his legal material so that he could comply with court deadlines. (Id.)

The failure to obey a scheduling order is grounds for the imposition of sanctions. Fed. R. Civ. P. 16(f)(1)(C). Plaintiff was given notice by the Court on May 28, 2004, in the first informational order, that the failure to obey a court order is grounds for sanctions, including dismissal, and the second scheduling order contained notice to Plaintiff that the failure to file a pretrial statement in compliance with the order may result in the imposition of sanctions, including dismissal. (Docs. 8, 118.) Finally, in the order to show cause, the Court warned Plaintiff that the failure to provide a satisfactory explanation for failing to file a pretrial statement in compliance with the scheduling order may result in the imposition of sanctions, including dismissal.

Despite Plaintiff's representation of his "many" notices, at no time prior to February 11, 2009, did Plaintiff notify the Court that he had *no* access to his legal property or that he was having any trouble complying with the second scheduling order. Plaintiff was at High Desert State Prison

---

[1] Plaintiff is in federal custody for violation of supervised release. Plaintiff's criminal case is pending in the Central District of California.

3

for almost four months between the issuance of the scheduling order and the first of a series of transfers which disrupted his access to his legal property. Plaintiff has provided no explanation for his failure to do anything toward complying with the scheduling order during those months. "A scheduling order is not a frivolous piece of paper, idly entered . . . ." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992) (internal quotations and citation omitted). Parties are required to exercise due diligence, Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d at 607), and four months was more than sufficient to allow Plaintiff to work toward compliance with the scheduling order. Carelessness is simply not compatible with diligence, Johnson, 975 F.2d at 609 (citations omitted), and the Court finds that Plaintiff has not shown good cause for his failure to comply with the Court's order. Further, Plaintiff's recent untimely pretrial statement is not in compliance with Local Rule 16-281, despite re-service of the copy of the rule on April 2, 2009.

### B. Dismissal as a Sanction

The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000). In determining whether to dismiss an action for failure to comply with a pretrial order, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. Id. (citation omitted).

This case has been pending since 2004, and is set for jury trial next month. The expeditious resolution of litigation and the Court's need to manage its docket weigh in favor of dismissal here given that this action has been pending more than five years, and Plaintiff was given ample time to begin trial preparation and comply with the scheduling order. See In re PPA, 460 F.3d at 1227. This Court has an enormous caseload, and when litigants disregard orders of the court and deadlines, the

1 Court's ability to manage its docket and guide cases toward resolution is significantly compromised.
2 See id.
3 Next is risk of prejudice to Defendants. In this instance, there is no identifiable prejudice to
4 Defendants. See id. at 1227-28.
5 Further, while public policy favors disposition on the merits and therefore weighs against
6 dismissal, it is Plaintiff's own conduct which is at issue here and which has stalled the case. See id.
7 at 1228.
8 Finally, monetary sanctions are not available, given that Plaintiff is incarcerated and
9 proceeding in forma pauperis. Discovery is closed and the deadline for filing pretrial motions has
10 passed, rendering unavailable the Court's ability to impose any limitations on Plaintiff in those areas
11 as a sanction. Lastly, the preclusion of evidence or witnesses is not an available sanction given that
12 Plaintiff failed to identify any exhibits or provide a witness list in his pretrial statement. Local Rule
13 16-281(b)(10),(11). Given the procedural posture of this case, Plaintiff's procrastination, and the
14 unavailability of satisfactory alternative sanctions, the Court finds dismissal is warranted. See id.
15 at 1228-29.

**III.    Conclusion and Order**

For the reasons set forth herein, it is HEREBY ORDERED that:

1. Jury trial set for June 22, 2009, at 8:30 a.m. is VACATED;
2. This action is dismissed, with prejudice, based on Plaintiff's non-compliance with the Court's scheduling order; and
3. The Clerk of the Court shall enter judgment and close this file.

IT IS SO ORDERED.

**Dated:   May 26, 2009**                         /s/ Lawrence J. O'Neill
                                                                    UNITED STATES DISTRICT JUDGE